MIDAS v. LEFSTEIN et al.

(Supreme Court, Appellate Division, Second Department.  December 30, 1910.)

CHATTEL MORTGAGES (§ 177*)—RIGHTS AND LIABILITIES OF PARTIES—ACTIONS AGAINST THIRD PERSONS.

In an action by the mortgagee of chattels for their conversion by the levy of an execution and public sale for $38.35, a judgment for $175 for plaintiff cannot be sustained, where the good faith of the mortgage was in question, and the mortgagee on being questioned as to the consideration, replied that he did not remember, and there was no evidence as to the value of the property, except the price brought at the public sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 177.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Alexander Midas against Morris Lefstein and another, trading under the firm name of Lefstein & Rosenfeld. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

Benjamin Frindel, for appellants.

Daniel T. O'Brien, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered a judgment for the sum of $175 as the value of a wall or show case and 70 yards of cloth, which he alleges the defendants converted. The plaintiff's title to the property is by virtue of a chattel mortgage in the sum of $1,000 executed by Yetta Fleischner to him covering the articles in question and other goods which were in her husband's store. The defendants recovered a judgment against the husband, and the articles were levied upon by virtue of an execution, and were sold at public sale for the sum of $38.35.

The good faith of the mortgage was assailed upon the trial, and the plaintiff, when asked about the consideration for it, testified as follows:

"Q. Did you pay any money towards the mortgage?  A. I don't remember. Q. Was it $200?  A. I don't remember.  Q. Was it $100?  A. I don't remember.  Q. Was it $50?  A. I don't remember.  Q. Was it $10?  A. I don't remember.  Q. Was it anything at all?  A. I don't remember."

On the question of the value of the property, aside from the price brought at the public sale, the only evidence offered was that of a witness on behalf of the plaintiff, who testified that the cloth was of the value of $66.09, but whose testimony was at once struck out by the court, as without foundation.

The judgment being unsupported by proof, either of the good faith of the claim or the value of the articles alleged to have been converted, is without legal basis, and must be reversed. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes